# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| PRESTON EMERSON, | Case No. 2:21-cv-01215-GMN-NJK |
| Petitioner, | |
| v. | **ORDER** |
| WILLIAM HUTCHINGS, et al., | |
| Respondents. | |

This habeas matter is before the Court for initial review under the Rules Governing Section 2254 Cases,[1] as well as consideration of Petitioner Preston Emerson's Motion for Appointment of Counsel (ECF No. 5).

Petitioner challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County ("state court"). *State of Nevada v. Preston Emerson*, Case No. C-14-301596-1.[2] On May 26, 2016, the state court entered a judgment of conviction for one count of murder with use of a deadly weapon and three counts of attempt murder with use of a deadly weapon. The state court sentenced Emerson to an aggregate total of 27 years to life. The Nevada Supreme Court affirmed the conviction. In January 2019, Petitioner filed a state petition for writ of habeas corpus. The state court denied post-conviction relief. Petitioner filed a post-conviction appeal. The Nevada Supreme Court affirmed the denial of relief in April 2021 and a remittitur issued the following month.

On June 28, 2021, Petitioner initiated this federal habeas corpus proceeding *pro se*. (ECF No. 1.) The Court instructed him to resolve the filing fee, and he timely complied. (ECF Nos. 3,

---

[1] All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the Rules Governing Section 2254 Cases in the United States District Courts.

[2] The Court takes judicial notice of the online docket records of the Eighth Judicial District Court and Nevada appellate courts. The docket records may be accessed by the public online at: https://www.clarkcountycourts.us/Anonymous/default.aspx and at: http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

1

4.) Having conducted an initial review, the Court will direct service of the petition.

Turning to Emerson's motion for appointment of counsel, there is no constitutional right to appointed counsel in a federal habeas corpus proceeding. *Luna v. Kernan*, 784 F.3d 640, 642 (9th Cir. 2015) (citing *Lawrence v. Florida*, 549 U.S. 327, 336–37 (2007)). An indigent petitioner may request appointed counsel to pursue that relief. 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is generally discretionary. *Id.* (authorizing appointed counsel "when the interests of justice so require"). *Id.* § 3006A(a)(2).

Emerson's motion asks the Court to appoint counsel because of the complexity of this federal habeas action, the lengthy sentence structure, and the time remaining on his one-year statute of limitations. The Court finds Emerson is unable to afford counsel, and the issues presented warrant the appointment of counsel. See 18 U.S.C. § 3006A(a)(2)(B). Accordingly, Emerson's motion for appointment of counsel is granted.

**IT IS THEREFORE ORDERED:**

1. The Clerk of Court is directed to file the petition (ECF No. 1-1).
2. Petitioner Preston Emerson's Motion for Appointment of Counsel (ECF No. 5) is GRANTED.
3. The Federal Public Defender is provisionally appointed as counsel and will have 21 days from the date of this order to enter a notice of appearance or to indicate the office's inability to represent Emerson in these proceedings. If the Federal Public Defender is unable to represent Emerson, the Court will appoint alternate counsel. The counsel appointed will represent Emerson in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw.
4. Petitioner will have 60 days from date of this order to file an amended petition and/or seek other appropriate relief.
5. Any deadline established and/or any extension thereof will not signify any implied finding of a basis for tolling during the time period established. Emerson at all times remains responsible for calculating the running of the federal limitation period and timely presenting claims. That is, by setting a deadline to amend the petition and/or by

granting any extension thereof, the Court makes no finding or representation that the petition, any amendments thereto, and/or any claims contained therein are not subject to dismissal as untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

6. The Clerk of Court is instructed to add Nevada Attorney General Aaron D. Ford as counsel for Respondents and electronically serve the Nevada Attorney General with a copy of the petition. Respondents' counsel must enter a notice of appearance within 21 days of entry of this order.

7. Respondents must file a response to the amended petition, including potentially by motion to dismiss, within 60 days of service of an amended petition. Petitioner may file a reply within 30 days of service of the answer. However, Local Rule LR 7-2(b) governs the response and reply time to any motion filed by either party, including motions filed in lieu of a pleading.

8. Any procedural defenses Respondents raise to the counseled amended petition must be raised together in a single, consolidated motion to dismiss. Successive motions to dismiss will not be entertained, and any procedural defenses omitted from the consolidated motion to dismiss will be waived. Respondents may not file a response that consolidates their procedural defenses, if any, with their response on the merits. But arguments that an unexhausted claim clearly lacks merit may be included a procedural-defense response. If Respondents seek dismissal of unexhausted claims under 28 U.S.C. § 2254(b)(2) they must: (1) do so in a single motion to dismiss, not in the answer; and (2) specifically direct their argument to the standard for dismissal under § 2254(b)(2) as set forth in *Cassett v. Stewart*, 406 F.3d 614, 623–24 (9th Cir. 2005). In short, no procedural defenses, including exhaustion, may be included with the merits in an answer. All procedural defenses, including exhaustion, must be raised in a single motion to dismiss.

9. In any answer filed on the merits, Respondents must specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

10. Respondents must file the state court exhibits relevant to their response in chronological order.

11. All state court records and related exhibits must be filed in accordance with LR IA 10-3 and LR IC 2-2 and include a separate index identifying each exhibit by number or letter. The index must be filed in CM/ECF's document upload screen as the base document to receive the base docket number (*e.g.*, ECF No. 10). Each exhibit must then be filed as "attachments" to the base document to receive a sequenced sub-docket number (*e.g.*, Exhibit A (ECF No. 10-1), Exhibit B (ECF No. 10-2), Exhibit C (ECF No. 10-3), and so forth). If the exhibits will span more than one filing, the base document in each successive filing must be either a copy of the index or volume cover page. *See* LR IC 2-2(a)(3)(A).

12. Notwithstanding LR IC 2-2(g), paper copies of any electronically filed exhibits need not be provided to chambers or to the staff attorney, unless later directed by the Court.

13. The Clerk of Court will send a copy of this order to the pro se petitioner, the Nevada Attorney General, and the Federal Public Defender.

DATED: September 1, 2021

_____
GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE