# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| PRESTON EMERSON, | Case No. 2:21-cv-01215-GMN-NJK |
| Petitioner, | |
| v. | **ORDER** |
| WILLIAM HUTCHINGS, et al., | |
| Respondents. | |

This habeas matter is before the Court on Petitioner Preston Emerson's Motion for Leave to File Second Amended Petition (ECF No. 13).[1]

On September 1, 2021, the Court provisionally appointed the Federal Public Defender and granted Emerson 60 days to file an amended petition. ECF No. 6. On October 25, 2021, Emerson filed his first amended petition for writ of habeas corpus. ECF No. 11. Emerson represented that upon initial review of the state court proceedings, counsel preliminarily calculated that the statute of limitations was likely set to expire on October 25, 2021, and filed the first amended petition as a protective petition. ECF No. 13 at 2. Emerson did not attach a proposed second amended petition and seeks permission to file a second amended petition after counsel has had a full opportunity to conduct additional research and investigation, review the record, and prepare an amended petition. *Id.* at 3.

Under Federal Rule of Civil Procedure 15(a)(2), leave to amend should be freely given "when justice so requires." But leave to amend "is not to be granted automatically," and the court "considers the following five factors to assess whether to grant leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint." *In re W. States Wholesale Natural Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013) (internal punctuation omitted). The Court finds that none

---

[1] Respondents filed a Non-Opposition (ECF No. 14) to Emerson's Motion.

of the factors above weighs against allowing the amendment sought here, especially as Respondents do not oppose Emerson's motion. Accordingly, pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, the Court finds that leave to amend is appropriate. The Court sets forth a revised briefing schedule below.

**IT IS THEREFORE ORDERED:**

1. Petitioner Preston Emerson's Motion for Leave to File Second Amended Petition (ECF No. 13) is GRANTED.

2. Respondents are not required to respond to the first amended petition for writ of habeas corpus (ECF No. 11).

3. Petitioner Emerson will have until February 22, 2022 to file a second amended petition for writ of habeas corpus. Petitioner at all times remains responsible for calculating the running of the federal limitation period and timely presenting claims. That is, by setting a deadline to amend the petition and/or by granting any extension thereof, the Court makes no finding or representation that the petition, any amendments thereto, and/or any claims contained therein are not subject to dismissal as untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

4. Respondents will have 60 days from the date on which the second amended petition is served upon them to answer or otherwise respond to the petition. If Respondents file an answer, Petitioner will have 30 days to file a reply to the answer. If any motion is filed, the parties will brief the motion in accordance with LR 7- 2 and 7-3 of the Local Rules of Practice.

5. Any procedural defenses raised by Respondents in this case must be raised together in a single consolidated motion to dismiss. Respondents may not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If Respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they must do so within the single motion to dismiss not in the answer; and (b) they will specifically direct their argument to the standard for dismissal under

§ 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005). All procedural defenses, including exhaustion, must be raised by motion to dismiss.

6. In any answer filed on the merits, Respondents must specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

7. Respondents must file a set of state court exhibits relevant to the response filed to the petition, in chronological order.

8. All state court records and related exhibits must be filed in accordance with LR IA 10-3, LR IC 2-2, and LSR 3-3, and include a separate index identifying each additional exhibit by number or letter. The index must be filed in CM/ECF's document upload screen as the base document to receive the base docket number (e.g., ECF No. 10). Each exhibit will then be filed as "attachments" to the base document—the index—to receive a sequenced sub-docket number (e.g., Exhibit A (ECF No. 10-1), Exhibit B (ECF No. 10-2), Exhibit C (ECF No. 10-3), and so forth). If the exhibits will span more than one filing, the base document in each successive filing must be either a copy of the index or volume cover page. *See* LR IC 2-2(a)(3)(A).

9. Notwithstanding LR IC 2-2(g), paper copies of any electronically filed exhibits—for this case—need not be provided to chambers or to the staff attorney, unless later directed by the Court.

DATED: November 19, 2021

GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE