# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

PRESTON EMERSON,

          Petitioner,

v.

WILLIAM HUTCHINGS, et al.,

          Respondents.

Case No. 2:21-cv-01215-GMN-NJK

**ORDER**

Counseled Petitioner Preston Emerson brings this second amended habeas corpus Petition (ECF No. 34) under 28 U.S.C. § 2254 to challenge his state court conviction of Murder with Use of a Deadly Weapon, Battery with Use of a Deadly Weapon, and three counts of Attempt Murder with Use of a Deadly Weapon Resulting in Substantial Bodily Harm. Respondents move to dismiss certain grounds of the Petition as untimely, not cognizable in federal habeas, or unexhausted. ECF No. 39.

### Background

In May 2016, the state court entered a judgment of conviction and sentenced Emerson to an aggregate total of 27 years to life. ECF No. 40-50. The Nevada Supreme Court affirmed the conviction. ECF No. 41-25. In January 2019, Emerson filed a state habeas Petition. ECF No. 41-30. The state court denied post-conviction relief and in April 2021, the Nevada Supreme Court affirmed the denial of relief. ECF No. 41-57.

In June 2021, Emerson initiated this federal habeas corpus proceeding *pro se*. ECF No. 1. Following appointment of counsel, he filed his first and second amended federal habeas Petitions. ECF Nos. 11, 34. His second amended Petition raises 14 claims for relief. Respondents move to dismiss ground 1, 3, 5, 8, 12, 13, and 14. ECF No. 39.

### Discussion

**I.    Relation Back**

A new claim in an amended petition that is filed after the expiration of the Antiterrorism

and Effective Death Penalty Act ("AEDPA") one-year limitation period will be timely only if the new claim relates back to a claim in a timely-filed pleading. Fed. R. Civ. P. 15(c). An untimely amendment properly "relates back to the date of the original pleading" as long as it arises out of the same "conduct, transaction, or occurrence." Id. "Relation back depends on the existence of a common core of operative facts uniting the original and newly asserted claims." *Mayle v. Felix*, 545 U.S. 644, 659 (2005).

New claims in an amended habeas petition do not arise out of "the same conduct, transaction or occurrence" as prior claims merely because they challenge the same trial, conviction, or sentence. *Mayle*, 545 U.S. at 661; *Hebner v. McGrath*, 543 F.3d 1133, 1134 (9th Cir. 2008). Rather, to properly relate back, a new claim must arise from the same collection of facts alleged in the earlier petition. *Mayle*, 545 U.S. at 661; *Schneider v. McDaniel*, 674 F.3d 1144, 1151 (9th Cir. 2012) (holding that one shared fact in two divergent legal theories was "not sufficient to conclude that they arise out of a common core of operative facts."). An amended habeas petition "does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type" from those alleged in the timely petition. *Mayle*, 545 U.S. at 650.

In Ground 1, Emerson alleges a freestanding actual innocence claim based on new evidence that there was another shooter. ECF No. 34 at 37. Respondents argue that Ground 1 does not relate back to the allegations in Emerson's timely first amended Petition because he relies on newly presented evidence, in the form of declarations, that do not appear in his first amended Petition. ECF No. 49 at 5. As such, Respondents assert that Ground 1 as asserted in Emerson's timely first amended Petition does not share the core operative facts contained in the declarations attached to the second amended Petition. *Id*.

Although particular facts may not have been alleged in the first amended Petition, the challenged factual allegations are tied to the same core operative facts as alleged in first amended Petition. Relation back does not require that "the facts in the original and amended petitions be stated in the same level of detail." *Ross*, 950 F.3d at 1168 n.4 (noting that relation back may be appropriate if the later pleading expands or amplifies the facts alleged in the earlier pleading and

stating that "[s]ufficient correspondence exists if two claims arise out of the same episode-in-suit."). Because the claims are tied to a common core of operative facts and a common legal theory, the Court finds that Ground 1 is not time-barred. The respondents' motion to dismiss Ground 1 as untimely is denied.

## II. Exhaustion

A state prisoner first must exhaust state court remedies on a habeas claim before presenting that claim to the federal courts. 28 U.S.C. § 2254(b)(1)(A). This exhaustion requirement ensures that the state courts, as a matter of comity, will have the first opportunity to address and correct alleged violations of federal constitutional guarantees. *Coleman v. Thompson*, 501 U.S. 722, 730–31 (1991). "A petitioner has exhausted his federal claims when he has fully and fairly presented them to the state courts." *Woods v. Sinclair*, 764 F.3d 1109, 1129 (9th Cir. 2014) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999). To satisfy the exhaustion requirement, a claim must have been raised through one complete round of either direct appeal or collateral proceedings to the highest state court level of review available. *O'Sullivan*, 526 U.S. at 844–45; *Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc).

A properly exhausted claim "'must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief.'" *Woods*, 764 F.3d at 1129 (quoting *Gray v. Netherland*, 518 U.S. 152, 162–63 (1996)) and *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008) ("Fair presentation requires that the petitioner 'describe in the state proceedings both the operative facts and the federal legal theory on which his claim is based so that the state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon his constitutional claim.'")). "A claim has not been fairly presented in state court if new factual allegations either 'fundamentally alter the legal claim already considered by the state courts,' or 'place the case in a significantly different and stronger evidentiary posture than it was when the state courts considered it.'" *Dickens v. Ryan*, 740 F.3d 1302, 1318 (9th Cir. 2014).

Respondents argue that Ground 1, portions of Grounds 3 and 5(A), and Grounds 12, 13, and 14 should be dismissed as unexhausted. Emerson concedes that Grounds 1 and 14 are

unexhausted. ECF No. 45 at 5. Although Emerson comments that "he is filing a new state petition to exhaust these claims," he does not provide any further information or argument regarding exhaustion of these claims. In addition, he concedes that Ground 3, to the extent that he alleges a Sixth Amendment violation, is unexhausted. *Id*. at 6. Accordingly, Grounds 1, 3, to the extent that Emerson alleges a Sixth Amendment violation, and 14 are unexhausted.

### a. Ground 5(A)

In Ground 5(A), Emerson alleges trial counsel rendered ineffective assistance for failure to object to the admission of evidence that numerous firearms, ammunition, and firearm accessories were in the house where Emerson was arrested. ECF No. 34 at 63-64. In his second amended Petition, Emerson alleges that the State highlighted the evidence in a PowerPoint slideshow during its closing argument. *Id*. Respondents argue that Ground 5(A) is unexhausted to the extent that is relies on the contents of the PowerPoint slides because Emerson did not fairly present a claim regarding the State's PowerPoint presentation to the state appellate court. ECF No. 49 at 7.

The Court finds that Emerson's reference to the State's PowerPoint slideshow does not fundamentally alter his claims. The visual representation of the PowerPoint slides in his second amended Petition may add some further information, but nothing in Ground 5(A) fundamentally alters the exhausted claim or places it in a different and significantly stronger posture than when the claim was presented to the state courts. *See generally Dickens*, 740 F.3d at 1318. Ground 5(A) is exhausted.

### b. Ground 13

In Ground 13, Emerson alleges a cumulative error claim with respect to Grounds 2 through 12. ECF No. 34 at 78. Respondents argue that Emerson did not present a cumulative error claim that referred to all the legal and factual allegations presented in his second amended Petition. ECF No. 39 at 11. Emerson, however, raised cumulative error in his direct appeal and postconviction Petition and did so for most of the same claims raised here. Accordingly, to the extent that his underlying claims have been exhausted, the Court finds that his cumulative error claim is exhausted.

   **c. Ground 12**

In Ground 12, Emerson alleges that he was deprived of his Fifth and Fourteenth Amendment rights to due process when perjured testimony supported his conviction. ECF No. 34 at 84. Respondents argue that Ground 12 is unexhausted because the state appellate court determined that Emerson never fairly presented this claim. "Submitting a []claim to the state's highest court in a procedural context [where] its merits will not be considered" does not satisfy the fair presentation for exhaustion. *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994). Emerson, however, asserts that Ground 12 is technically exhausted, but procedurally defaulted. Emerson further asserts that he can demonstrate cause and prejudice to overcome the procedural default of Ground 12, which the Court will address below.

**III. Procedural Default**

Where a petitioner "has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule," federal review is barred unless he "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750. To demonstrate cause, the petitioner must establish some external and objective factor impeded efforts to comply with the state's procedural rule. *E.g., Maples v. Thomas*, 565 U.S. 266, 280 (2012) (finding cause to excuse procedural default due to attorney abandonment but remanding for a determination of prejudice). "[T]o establish prejudice, [a petitioner] must show not merely a substantial federal claim, such that 'the errors … at trial created a possibility of prejudice,' but rather that the constitutional violation 'worked to his actual and substantial disadvantage.'" *Shinn v. Ramirez*, 596 U.S. 366, 379-80 (2022).

With one exception, Nevada's cause and prejudice standards are functionally identical to the federal standards for cause and prejudice. *Robinson v. Ignacio*, 360 F.3d 1044, 1052 n. 3 (9th Cir. 2004). That exception is for a procedurally defaulted claim of ineffective assistance of trial counsel when the cause for the default is the ineffective assistance or absence of postconviction counsel in the initial postconviction proceedings in accordance with *Martinez v. Ryan*, 566 U.S.

1(2012). *Brown v. McDaniel*, 130 Nev. 565, 571-76 (2014). A Nevada federal habeas petitioner who relies on *Martinez*—and only *Martinez*—as a basis for overcoming a state procedural bar can successfully argue that the state courts would hold the claim procedurally barred, but that he nonetheless has a potentially viable argument for cause and prejudice under federal law.

Emerson asserts that he can demonstrate cause and prejudice to overcome the procedural default of Grounds 8 and 12

### a. Ground 8

In Ground 8, Emerson alleges a substantive claim that he was deprived of his Fifth and Fourteenth Amendment rights to due process when the state court permitted improper prosecutorial argument during closing. Emerson asserts that he can overcome the procedural default of Ground 8 because his trial counsel was ineffective for failing to raise this claim. ECF No. 45 at 11.

In certain circumstances, counsel's ineffectiveness in failing to properly preserve a habeas claim for review in state court will suffice as cause to excuse a procedural default. *Edward v. Carpenter*, 529 U.S. 446, 450-51 (2000). "Not just any deficiency in counsel's performance will do, however; the assistance must have been so ineffective as to violate the Federal Constitution." *Id*. For Emerson to establish cause to overcome the procedural default of Ground 8, he must first demonstrate that trial counsel's performance in failing to object to improper closing argument (as alleged in Ground 7) was constitutionally ineffective under *Strickland v. Washington*, 466 U.S. 668 (1984). If he does so, then counsel's ineffectiveness, as alleged in Ground 7, may be used as cause to set aside the procedural default for the corresponding substantive claim in Ground 8.

Because the question of whether Emerson can overcome the procedural default of Ground 8 is intertwined with the merits of Ground 7, the Court defers its determination of whether Emerson can excuse the procedural default of Ground 8 until the time of its merits decision. The Court denies the motion to dismiss as to Ground 8 without prejudice to Respondents asserting the procedural default defense to the claim in their Answer.

///

**b.    Ground 12**

In Ground 12, Emerson alleges a substantive claim that he was denied his Fifth and Fourteenth Amendment rights to due process when the State relied on perjured witness testimony to convict him.  The Nevada Supreme Court declined to address this claim on postconviction appeal because Emerson improperly attempted to incorporate his claims raised in his pro se petition by reference and did not provide cogent argument or supporting authority. ECF No. 41-57 at 8.  Emerson asserts that he can overcome procedural default of Ground 12 because his trial counsel was ineffective for failing to raise this claim. ECF No. 45 at 12.

As noted above, ineffective assistance of counsel can, if independently pleaded and proved, establish cause for a default of a habeas claim. *Carpenter*, 529 U.S. at 451, 453. Emerson, however, did not assert a corresponding ineffective assistance of counsel claim related to Ground 12.  Emerson does not show cause and prejudice relative to the procedural default of this claim, or any other showing that excuses the procedural default.  The Court will therefore grant the motion to dismiss Ground 12 as it is procedurally defaulted.

**IV.    Cognizable Claims**

AEDPA "places limitations on a federal court's power to grant a state prisoner's federal habeas petition." *Hurles v. Ryan*, 752 F.3d 768, 777 (9th Cir. 2014).  When conducting habeas review, a federal habeas court is limited to deciding whether a conviction violates the Constitution, law, or treaties of the United States. 28 U.S.C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).  Unless an issue of federal constitutional or statutory law is implicated by the facts presented, the claim is not cognizable in federal habeas. *McGuire*, 502 U.S. at 68.

**a.    Ground 1**

Respondents contend that Emerson cannot obtain federal habeas relief on a freestanding claim of actual innocence because neither the Supreme Court nor the Ninth Circuit have recognized a freestanding claim of actual innocence of a noncapital offense. ECF No. 39 at 7. *See McGuiggin v. Perkins*, 569 U.S. 383, 392 (2013).  Although the Court has already determined that Count 1 is unexhausted, given the open nature of this question, the Court concludes that this cognizability argument is more appropriately addressed in connection with

7

the merits of Emerson's Petition. Therefore, the Court denies Respondents' motion to dismiss Count 1 as noncognizable without prejudice. Respondents may renew this argument in their Answer.

### b. Ground 13

Respondents contend that cumulative error claims are noncognizable on federal habeas review, citing decisions from other circuits. ECF No. 39 at 7-8 (citing opinions from Sixth, Fourth, Eighth, and Tenth Circuits holding that cumulative error claims are noncognizable). Respondents acknowledge that the Ninth Circuit Court of Appeals has recognized cumulative error habeas claims but contends that in the absence of Supreme Court precedent recognizing a claim of cumulative error, this ground is not clearly established by federal law. *Id*. at 8. The Court, however, is bound by the Ninth Circuit's interpretation, and therefore finds that Emerson's cumulative error claim is cognizable.

## V.  Emerson's Options Regarding Unexhausted Claims

A federal court may not entertain a habeas petition unless the petitioner has exhausted available and adequate state court remedies with respect to all claims in the petition. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). A "mixed" petition containing both exhausted and unexhausted claims is subject to dismissal. *Id.* In the instant case, the Court concludes that Grounds 1, 3, to the extent that Emerson alleges a Sixth Amendment violation, and 14 are unexhausted. Because the Court finds that the Petition contains unexhausted claims, Emerson has these options:

1. He may submit a sworn declaration voluntarily abandoning the unexhausted claim in his federal habeas petition, and proceed only on the exhausted claims;

2. He may return to state court to exhaust his unexhausted claims, in which case his federal habeas petition will be denied without prejudice;[1] or

3. He may file a motion asking this court to stay and abey his exhausted federal habeas claims while he returns to state court to exhaust his unexhausted claims.

---

[1] This Court makes no assurances as to the timeliness of any future-filed petition.

With respect to the third option, a district court has discretion to stay a petition that it may validly consider on the merits. *Rhines v. Weber*, 544 U.S. 269, 276, (2005). The *Rhines* Court stated:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. Cf. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

544 U.S. at 277.

If Emerson wishes to ask for a stay, he must file a motion for stay and abeyance in which he demonstrates good cause for his failure to exhaust his unexhausted claims in state court and presents argument regarding the question of whether or not his unexhausted claims are plainly meritless. Respondents would then be granted an opportunity to respond, and Emerson to reply. Or Emerson may file a declaration voluntarily abandoning his unexhausted claims, as described above. Emerson's failure to choose any of the three options listed above, or seek other appropriate relief from this court, will result in his federal habeas petition being dismissed. Emerson is advised to familiarize himself with the limitations periods for filing federal habeas petitions contained in 28 U.S.C. § 2244(d), as those limitations periods may have a direct and substantial effect on whatever choice he makes regarding his petition.

## Conclusion

It is therefore ordered that Respondents' Motion to Dismiss (ECF No. 39) is granted, in part, as follows:

1. Ground 12 is dismissed as procedurally defaulted.
2. Grounds 1, 3, to the extent that Emerson alleges a Sixth Amendment violation, and 14 are unexhausted.

It is further ordered that the Court defers its determination of whether Emerson can excuse the procedural default of Ground 8 until the time of its merits decision. The Court denies

the Motion to Dismiss as to Ground 8 without prejudice to Respondents asserting the procedural default defense to the claim in their Answer.

It is further ordered that Emerson shall have 30 days to either: (1) inform this court in a sworn declaration that he wishes to formally and forever abandon the unexhausted grounds for relief in his federal habeas petition and proceed on the exhausted grounds; OR (2) inform this court in a sworn declaration that he wishes to dismiss this petition without prejudice in order to return to state court to exhaust his unexhausted grounds; OR (3) file a motion for a stay and abeyance, asking this court to hold his exhausted grounds in abeyance while he returns to state court to exhaust his unexhausted grounds.  If Emerson chooses to file a motion for a stay and abeyance, or seek other appropriate relief, respondents may respond to such motion as provided in Local Rule 7-2.

Failure to timely comply with this order will result in the dismissal of Emerson's mixed petition without further advanced notice.

DATED:   September 10, 2024

_____
GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE