# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| PRESTON EMERSON, | Case No. 2:21-cv-01215-GMN-NJK |
| Petitioner, | |
| v. | **ORDER** |
| WILLIAM HUTCHINGS, et al., | |
| Respondents. | |

Counseled Petitioner Preston Emerson brings this second amended habeas corpus Petition (ECF No. 34) under 28 U.S.C. § 2254.  Before the Court is Emerson's Motion to Stay (ECF No. 52).

## Background

In May 2016, the state court entered a judgment of conviction and sentenced Emerson to an aggregate total of 27 years to life. ECF No. 40-50.  The Nevada Supreme Court affirmed the conviction. ECF No. 41-25.  In January 2019, Emerson filed a state habeas Petition. ECF No. 41-30.  The state court denied post-conviction relief and the Nevada Supreme Court affirmed the denial of relief. ECF No. 41-57.

In June 2021, Emerson initiated this federal habeas corpus proceeding *pro se*. ECF No. 1.  Following appointment of counsel, he filed his first and second amended federal habeas Petitions. ECF Nos. 11, 34.  Respondents moved to dismiss certain grounds of the Petition as untimely, not cognizable, or unexhausted. ECF No. 39.  The Court found Grounds 1, 3, to the extent it alleges a Sixth Amendment violation, and 14 are unexhausted. ECF No. 51.  Emerson now moves for a stay to return to state court to exhaust his unexhausted claims. ECF No. 52.

## Discussion

A district court is authorized to stay an unexhausted petition in "limited circumstances," to allow a petitioner to present unexhausted claims to the state court without losing his right to federal habeas review due to the relevant one-year statute of limitations.

1  *Rhines v. Weber*, 544 U.S. 269, 273–75 (2005); *Mena v. Long*, 813 F.3d 907, 912 (9th Cir.
2  2016) (holding that district courts have authority to stay and hold in abeyance both mixed
3  petitions and "fully unexhausted petitions under the circumstances set forth in *Rhines*").
4  Under the *Rhines* test, "a district court must stay a mixed petition only if: (1) the petitioner
5  has 'good cause' for his failure to exhaust his claims in state court; (2) the unexhausted claims
6  are potentially meritorious; and (3) there's no indication that the petitioner intentionally engaged
7  in dilatory litigation tactics." *Wooten v. Kirkland*, 540 F.3d 1019, 1023 (9th Cir.
8  2008) (citing *Rhines*, 544 U.S. at 278).

9      The Ninth Circuit has acknowledged that the *Rhines* "good cause" standard does not
10 require "extraordinary circumstances." *Wooten*, 540 F.3d at 1024 (citing *Jackson v. Roe*, 425
11 F.3d 654, 661–62 (9th Cir. 2005)).  But courts "must interpret whether a petitioner has 'good
12 cause' for a failure to exhaust in light of the Supreme Court's instruction in *Rhines* that the
13 district court should only stay mixed petitions in 'limited circumstances'." *Wooten*, 540
14 F.3d at 1024 (citing *Jackson*, 425 F.3d at 661).  Courts must also "be mindful that AEDPA aims
15 to encourage the finality of sentences and to encourage petitioners to exhaust their claims in state
16 court before filing in federal court." *Wooten*, 540 F.3d at 1024 (citing *Rhines*, 544 U.S. at 276–
17 77).

18     A statement that a habeas petitioner was *pro se* during his state postconviction
19 proceedings is sufficient to constitute good cause for failing to exhaust claims. *Dixon v. Baker*,
20 847 F.3d 714, 721 (9th Cir. 2017) (citing *Martinez v. Ryan*, 566 U.S. 1, 17 (2012)).  "A
21 petitioner who is without counsel in state postconviction proceedings cannot be expected to
22 understand the technical requirements of exhaustion and should not be denied the opportunity to
23 exhaust a potentially meritorious claim simply because he lacked counsel." *Dixon*, 847
24 F.3d at 721.

25     Emerson has shown good cause for not exhausting his claims earlier by alleging that his
26 post-conviction attorney rendered ineffective assistance for failure to investigate. *See Blake v.*
27 *Baker*, 745 F.3d 977, 982-83 (9th Cir. 2014) (finding that ineffective assistance of postconviction
28 counsel or a lack of postconviction counsel can constitute good cause under *Rhines*.)  In addition,

Emerson demonstrates that he acquired new evidence supporting his claim of actual innocence after he filed his habeas petition and that he can overcome all applicable procedural bars because he has newly presented evidence of actual innocence.

Moreover, Emerson establishes that "at least one of his unexhausted claims is not 'plainly meritless.'" *Dixon*, 847 F.3d at 722. He alleges that three of the victims have recently affirmed that another individual, not Emerson, was the shooter and argues that the witnesses identifying Emerson as the shooter were unreliable. There is also no indication that Emerson has intentionally engaged in dilatory litigation tactics. Accordingly, the Court will grant Emerson's Motion. The stay is conditioned on Emerson litigating his state habeas Petition or other appropriate proceeding in state court.

## Conclusion

It is therefore ordered that Petitioner Preston Emerson's Motion to Stay (ECF No. 52) is granted.

It is further ordered that this action is STAYED pending exhaustion of the unexhausted claims in the amended Petition.

It is further ordered that the grant of a stay is conditioned upon Emerson filing, if same is not already pending, a state post-conviction petition or other appropriate proceeding in state district court within forty-five (45) days of entry of this order and returning to federal court with a motion to reopen within forty-five (45) days of issuance of the remittitur by the Nevada appellate court at the conclusion of all state court proceedings.[1]

It is further ordered that any motion to reopen filed following completion of all state court proceedings, Petitioner: (a) shall attach supplemental exhibits containing the new state court pleadings and the state court written decisions thereon; and (b) if Petitioner intends to

///

///

///

---

[1] If *certiorari* review will be sought or thereafter is being sought, either party may move to extend the stay for the duration of such proceedings. *Cf. Lawrence v. Florida*, 549 U.S. 327, 335 (2007).

amend the federal petition, shall file a motion for leave to amend along with the proposed amended petition or a motion for extension of time to move for leave.

It is further ordered that the Clerk of Court is directed to ADMINISTRATIVELY CLOSE this action until such time as the Court grants a motion to reopen the matter.

It is further ordered that the Court will reset the briefing schedule upon reopening the case and lifting the stay.

DATED: November 20, 2024

GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE

4